UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| William Charles Graham, | Civ. No. 23-2036 (JWB/DLM) |
| Petitioner, | |
| v. | ORDER ACCEPTING<br>REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE |
| John Gilley, *Warden, USP-McCreary*, | |
| Respondent. | |

---

William Charles Graham, Reg. No. 22097-041, USP-McCreary, P.O. Box 3000, Pine Knot, KY 42635, Pro Se.

Ana H. Voss, Esq., United States Attorney's Office, counsel for Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Douglas L. Micko dated July 31, 2023. (Doc. No. 6.) Petitioner has filed an objection to the recommendation to dismiss this matter without prejudice for failure to prosecute. (Doc. No. 7.)

The portions of an R&R to which a petitioner objects are reviewed de novo, and the reviewing judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). Any aspect of an R&R to which no specific objection is made is reviewed for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). A pro se petitioner's objections are to be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Petitioner's objections do not identify any error of law or fact that warrant

rejecting the recommendations in the R&R. Petitioner claims the R&R was the first notice he received that his failure to pay the filing fee or file an *in forma pauperis* application could result in dismissal. He then cites *McCleskey v. Zant*, 499 U.S. 467 (1991), to argue that any "procedural default" should be waived to avoid a miscarriage of justice, and then re-states the grounds for his habeas claim. The "procedural default" discussed in *McCleskey* is not the same as the filing deficiency brought to Petitioner's attention here. *See* 499 U.S. at 490–91, 494–95 (considering whether a claim raised in a second habeas filing that was not raised in the first habeas filing is legally defaulted as a matter of procedure). The substance of Petitioner's habeas claim does not provide an exception to the requirement that he either pay the fee to file his petition or apply to have the fee waived. To date, Petitioner has still done neither despite being made aware that his case is subject to dismissal on that basis.

After carefully reviewing all other portions of the R&R not specifically objected to—including the reasoning that the proper venue for this matter is in Kentucky (where Petitioner is confined) and the warning that Petitioner has been notified of similar filing deficiencies before—the R&R is neither clearly erroneous nor contrary to law. Based on that review, and in consideration of the applicable law, the R&R is accepted in its entirety.

### ORDER

**IT IS HEREBY ORDERED** that:

1. Petitioner William Charles Graham's Objection to Report and Recommendation (Doc. No. 7) is **OVERRULED**;

2. The July 31, 2023 Report and Recommendation (Doc. No. 6) is **ACCEPTED**; and

3. This matter is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: August 30, 2023

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge